IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE DELAWARE PUBLIC SCHOOLS LITIGATION | § No. 124, 2022<br>§<br>§ Court Below–Chancery Court<br>§ of the State of Delaware<br>§<br>§ C.A. No. 2018-0029 |

Submitted: April 26, 2022
Decided: May 17, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice of interlocutory appeal and the supplemental notice of appeal, it appears to the Court that:

(1) The plaintiffs below/appellees, Delawareans for Educational Opportunity and the NAACP Delaware State Conference of Branches (together, the "Plaintiffs"), filed a complaint in the Court of Chancery alleging that Delaware does not provide certain students—specifically, those from low-income households, those with disabilities, and those for whom English is not their first language—with a meaningful opportunity to obtain an adequate education. Relevant here, the plaintiffs sued the officials responsible for collecting property taxes in New Castle, Kent, and Sussex Counties (together, the "County Defendants"), arguing that the counties contribute to the problem by failing to collect school-related taxes in a

manner that complies with the Delaware Code and the Delaware Constitution.[1] The Court of Chancery bifurcated the claims against the County Defendants into liability and remedial phases.

(2) Following a trial and post-trial briefing on liability, the Court of Chancery found that all three counties used methodologies for property assessments that violated the Delaware Code and the Delaware Constitution.[2] In the remedial phase, the plaintiffs reached settlements with the counties, and each settlement requires the named county to conduct a general property reassessment. The implementation of the settlements remains on-going, with the counties submitting quarterly progress reports to the Court of Chancery.

(3) In May 2021, the plaintiffs moved for an award of attorneys' fees and expenses. By stipulation, the parties agreed to address whether the plaintiffs had established an equitable or legal basis for the award before debating the reasonableness of any such award. The plaintiffs argued that they were entitled to attorneys' fees under the common-benefit exception to the American Rule or, in the alternative, under Court of Chancery Rule 37(c). Following briefing and oral argument, the Court of Chancery determined that the plaintiffs are entitled to an

---

[1] The plaintiffs also advanced claims against state-level defendants. The Court of Chancery severed those claims from the plaintiffs' claims against the County Defendants.
[2] *In re Del. Pub. Schs. Litig.*, 239 A.3d 451, 540 (Del. Ch. 2020).

award of fees under the common-benefit exception (the "Entitlement Order").[3] It did not reach the question whether the Plaintiffs are entitled to fees under Rule 37(c).

(4) The County Defendants asked the Court of Chancery to certify an interlocutory appeal from the Entitlement Order under Supreme Court Rule 42. The County Defendants maintained that the following Rule 42(b)(iii) factors warranted interlocutory review: (i) the Entitlement Order involves a question of law resolved for the first time (factor A) because it creates a new exception to the American Rule; (ii) the Entitlement Order conflicts with Court of Chancery precedent (factor B); and (iii) interlocutory review of the Entitlement Order would serve the interests of justice (factor H) because the County Defendants may avoid expending resources that they allege are necessary to challenge the reasonableness of the proposed fee award and to conduct discovery into whether any school or vocational district will, in fact, raise taxes after the reassessments. The plaintiffs opposed the application.

(5) After a comprehensive review of the Rule 42 factors, the Court of Chancery denied the application for certification.[4] As a preliminary matter, the Court of Chancery found that the better course of action was to quantify the fee award so that the court can enter a partial final judgment under Court of Chancery Rule 54(b) from which the County Defendants can appeal as of right. As to the

---

[3] *In re Del. Pub. Schs. Litig.*, 2022 WL 911961 (Del. Ch. Mar. 28, 2022).
[4] *In re Del. Pub. Schs. Litig.*, 2022 WL 1220075 (Del. Ch. Apr. 26, 2022).

merits of the application, the Court of Chancery observed that a fee award is collateral to a decision on the merits and, therefore, the Entitlement Order did not decide an issue of "substantial issue of material importance"—a threshold consideration under Rule 42. Nonetheless, the court reviewed the Rule 42(b)(iii) factors that the County Defendants cited in support of their application and concluded that the factors did not warrant interlocutory review. First, the Court of Chancery disagreed with the County Defendant's characterization of the Entitlement Order and found that certification was not warranted under Rule 42(b)(iii)(A) or (B) because the Entitlement Order did not decide a novel issue or conflict with prior trial court decisions. On the contrary, the Court of Chancery found that it had merely applied precedent to the facts of this case.

(6) Second, regarding the considerations-of-justice factor, the Court of Chancery noted that the Entitlement Order did not contemplate wide-ranging third-party discovery in connection with the quantification of the fee award. And the court did not anticipate that the County Defendants intended to vigorously challenge the reasonableness of the fee application. At best, the Court of Chancery decided that this factor might be viewed as weakly supporting interlocutory review. The Court of Chancery then conducted the balancing test required by Rule 42(b)(iii) and concluded that the interests of justice do not support interlocutory review of the Entitlement Order.

4

(7) We agree with the Court of Chancery that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[5] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Entitlement Order do not exist in this case,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7] We agree with the Court of Chancery that the better course of action is to quantify the fee award and enter an award as a partial final judgment. Doing so will allow the Court to review the legal basis for, and the reasonableness of, the fee award in one appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[5] Del. Supr. Ct. R. 42(d)(v).
[6] Del. Supr. Ct. R. 42(b)(ii).
[7] Del. Supr. Ct. R. 42(b)(iii).